STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THOMAS V. CARROLL, JR., DAVID JOHNSON AND CHATEAU PINEWALD, INC., A CORPORATION, DE-FENDANTS-RESPONDENTS.

Argued October 10, 1967—Decided January 22, 1968.

Mr. *Richard A. Grossman,* Assistant Prosecutor of Ocean County, for plaintiff-appellant (Mr. *Robert H. Doherty, Jr.,* Prosecutor of Ocean County, attorney; Mr. *Charles E. Starkey,* on the brief).

Mr. *Edward W. Haines* for defendants - respondents (Messrs. *Haines, Schuman & Butz,* attorneys; Mr. *Haines,* on the brief).

The opinion of the court was delivered

· PER CURIAM. This conspiracy case. arose in connection with a 1963 fire which destroyed the Coach 'N Four tavern and restaurant located in Berkeley Township. Defendants were indicted by an Ocean County Grand Jury on two separate counts of conspiracy. The first count charged defendants Carroll, Johnson, and one Joseph Steffer with conspiracy to burn the Coach 'N Four. The second count charged the named defendants, plus Chateau Pinewald, Inc., the corporation which owned the Coach 'N Four, with conspiracy to defraud 10 insurance companies.

The joint trial of the four defendants began March 8, 1965. At the close of all evidence, the trial court, upon motion, dismissed the second count of the indictment as to defendant Steffer. The jury then convicted Steffer on count one, the corporation on count two, and Carroll and Johnson on both counts.

Defendants Carroll, Johnson, and the corporation appealed and the Appellate Division, in an unreported opinion, reversed and remanded for a new trial on the ground that a joint trial should not have been permitted. We granted the State's subsequent petition for certification. 48 *N. J.* 356 (1966).

I

During the course of the trial, testimony concerning certain out-of-court statements made by Steffer was admitted. On all such occasions, the trial court instructed the jury that such testimony was to be binding only upon Steffer. The testimony, however, also implicated defendants Carroll and Johnson.

Despite the instructions regarding the limited effect to be given the hearsay testimony, the Appellate Division concluded that Carroll and Johnson had been denied substantial justice. The court felt that "an opportunity for the jury to misuse the [hearsay] testimony" was created only by "the

totally unnecessary procedural framework of a joint trial." In other words, the trial court, on its own motion, should have ordered a severance as to Carroll and Johnson.

: ▇ However, on the appeal to this Court it was shown that on January 27, 1965, approximately six weeks before trial, trial counsel for Carroll and Johnson sent a letter to the trial court noting opposition to any severance. The letter related that such a severance "would work a hardship upon [counsel's] clients and be prejudicial to them." This letter was not before the Appellate Division. Under these circumstances, it would be unrealistic and unreasonable to expect the trial court to have unilaterally ordered a severance.

## II

▇▇ In its charge the court gave the following direction:

"In this case you have a choice between two verdicts in each of the two counts. You have a choice * * * of rendering a verdict in behalf of the State and against the defendant Carroll, Johnson, and Steffer of guilty or you have a choice of rendering a verdict in behalf of the defendant Carroll, Johnson and Steffer and against the State of not guilty."

This portion of the charge was erroneous. Its obvious import was that any conviction must encompass all defendants, rather than any two of them. A conspiracy is a combination or agreement between two or more persons. *State v. Cormier,* 46 *N. J.* 494, 508 (1966); *State v. Carbone,* 10 *N. J.* 329, 338–339 (1952); *State v. Sabato,* 91 *N. J. L.* 370, 371–372 *(Sup. Ct.* 1918); "Developments in the Law—Criminal Conspiracy," 72 *Harv. L. Rev.* 920 (1959). Most of the evidence did point toward a conspiracy between Steffer on the one hand, and Johnson and Carroll, as co-owners of the premises, on the other hand. Nonetheless, a jury might reasonably have found a conspiracy between Steffer and only

one of the other defendants.[1] This possibility was foreclosed by the portion of the charge quoted immediately above.

The charge must be considered in the context of the entire case. Defendant Steffer took the stand as the State's witness and admitted not only participating in a conspiracy, but also hiring a "torch." Yet, because the State did not proceed against Steffer for the substantive crime of burning the premises,[2] he could only be punished if convicted on a conspiracy count. In light of the natural pressure to convict Steffer because of his courtroom admissions of the substantive crime, the portion of the charge providing that Steffer could be convicted only if Carroll and Johnson were also convicted created a potential for prejudice which cannot be ignored.

The judgment of the Appellate Division granting a new trial to defendants Carroll, Johnson, and Chateau Pinewald, Inc., is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN, SCHETTINO and HANEMAN—7.

*For reversal*—None.

---

[1] Indeed, a jury might reasonably have believed that Steffer conspired only with the unnamed "torch," although the indictment did not make such an allegation.

[2] See *N. J. S.* 2A:89–2; 2A:85–14.